IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.  Case No.: 23-cr-0022-wmc

PAUL WILLIAMS ANTI,

Defendant.

# PLEA AGREEMENT

1. This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2. **PLEA AND PENALTIES:** The defendant agrees to plead guilty to the one count superseding indictment. This count charges a violation of Title 18, United States Code, Section 1956(h), which carries maximum penalties of 20 years in prison and a $250,000 fine, a 3-year period of supervised release, a $100 special assessment, and the entry of an appropriate restitution order. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3. **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4. **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5.      **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

Defendant is charged with participating in a money laundering conspiracy. His role in the conspiracy was to receive and redirect wire fraud proceeds using bank accounts he opened under false names using false identification documents.

Defendant held several bank accounts under the false name G.P. He held a Citizens Bank account under the name G.P., DBA Gary Ventures and a Wells Fargo account under the name G.P., DBA Electronic General Goods.

As alleged in the superseding indictment, on October 19, 2020, he received $605,200 into the G.P. Wells Fargo account via wire transfer from Organization A. Mispresenting himself as G.P., defendant immediately redirected some of these fraud proceeds via check to a J.P. Morgan Bank account he held in the name G.P., DBA Gary Ventures and a bank account he held under the false name C.F./Fowler Ventures.

The proceeds of the deposit on October 19, 2020, were generated from a business email compromise scheme perpetrated against Organization A, which is located in Madison, Wisconsin. Fraud perpetrators currently unknown to the government obtained unauthorized access to the email account of an employee of Organization A. They used their covert control over the email account to obtain copies of genuine invoices sent to Organization A by legitimate vendors for payment. Fraud perpetrators altered the invoices, including the payee banking information, to direct the payments instead to the defendant and others.

On October 19, 2020, after receiving an altered invoice with the fraudulent payee and balance due information, Organization A caused the invoice balance due of $605,200 to be wire transferred from Organization A's bank account in Madison, Wisconsin, Western District of Wisconsin, to the G.P. Wells Fargo bank account controlled by the defendant in Bloomfield, Connecticut.

Defendant acknowledges that although he did not necessarily know the particular details of the fraud scheme against Organization A, the government could prove that he knew that the funds flowing into his G.P. bank accounts were the proceeds of some unlawful activity, consistent with the Seventh Circuit Pattern Jury Instructions. Defendant also acknowledges that he had no legal right to the funds that flowed into his G.P. and C.F. bank accounts from Organization A, as he performed no work or other service for the Organization. Finally, defendant acknowledges that the charged financial transactions involving bank accounts opened with false identities were designed in whole or in part to conceal the nature, source, ownership, control, and location of the funds in his G.P. and C.F. bank accounts.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not necessarily a full recitation of the defendant's knowledge of, or participation in, this offense.

6. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the superseding indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

7. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before February 29, 2024.

8. **RESTITUTION:** The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. The parties will agree upon the exact restitution figure before sentencing, or, if the parties cannot agree upon a specific figure, the Court will determine restitution at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

9. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The

defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

10. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

11. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

12. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

TIMOTHY M. O'SHEA
United States Attorney

March 4, 2024                         By: Meredith P. Duchemin
Date                                  MEREDITH P. DUCHEMIN
                                      Assistant United States Attorney

2/27/24
Date                                  ALEX VLISIDES
                                      Attorney for the Defendant

2-29-24
Date                                  PAUL WILLIAMS ANTI
                                      Defendant

4

## ACKNOWLEDGEMENTS

I, PAUL WILLIAMS ANTI, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement.  My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines.  I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

_2-29-24_
Date

_[signature]_
PAUL WILLIAMS ANTI
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_2/29/24_
Date

_[signature]_
ALEX VLISIDES
Attorney for Defendant